UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARRY KERAMES,<br><br>                    Plaintiff,<br><br>          -against-<br><br>WELLS FARGO,<br><br>                    Defendant. | 1:22-CV-8672 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Harry Kerames, a citizen of Greece, filed this *pro se* action without specifying the basis for the Court's subject matter jurisdiction to consider this action. He sues Wells Fargo, which he alleges is located in San Francisco, California, and asserts claims of fraud. Plaintiff seeks damages as well as injunctive relief. Plaintiff's claims arise from Wells Fargo's alleged assertion that Plaintiff owes Wells Fargo mortgage debt with respect to real property that Plaintiff appears to own located in Westport, Connecticut. The Court understands Plaintiff's complaint as asserting claims under state law under the Court's diversity jurisdiction. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Connecticut.

## DISCUSSION

Under 28 U.S.C. § 1391(b), unless otherwise provided by law, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Plaintiff does not specify where a substantial part of the events or omissions giving rise to his claims occurred. He does appear to allege, however, that Wells Fargo resides in San Francisco (San Francisco County), California (*see* ECF 1, at 3), which is within the Northern District of California, *see* 28 U.S.C. § 84(a). Thus, the United States District Court for the Northern District of California appears to be a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges that the property that is the subject of this action is located in Westport, Connecticut (*see* ECF 1, at 3), which is within the District of Connecticut, *see* 28 U.S.C. § 86. Thus, the United States District Court for the District of Connecticut is also a proper venue for this action under Section 1391(b)(2).

In any event, it is clear from the face of the complaint that this court is not a proper venue for this action under Section 1391(b)(1) or (2).[1]

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff's claims arise from alleged mortgage debt associated with real property located in Westport, Connecticut, in the interest of justice, the Court transfers this action to one of the two proper venues for this action discussed above, the United States District Court for District of Connecticut. *See* § 1406(a).

---

[1] Plaintiff's allegation that "Wells Fargo ha[s] substantial interests and ties to the State of New York" (ECF 1, at 4) is insufficient to show that this court is a proper venue for this action under either Section 1391(b)(1) or (2).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 21, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge