UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------- x
HARRY KERAMES,                                :
                                              :
                    Plaintiff,    :
                                              :    **MEMORANDUM &**
      -against-                          :    **ORDER**
                                              :
WELLS FARGO, N.A.,                            :    3:22-CV-1361 (VDO)
                                              :
                    Defendant.    :
------------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Harry Kerames, proceeding *pro se*, has commenced this action against Defendant Wells Fargo, N.A., alleging a single count of fraud. (First Amended Complaint ("FAC"), ECF No. 22.) Before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). In it, Defendant argues that the claim is not pleaded with particularity, as required by Federal Rule of Civil Procedure 9(b), and that the claim is time-barred. (Def. Mot., ECF No. 24.)

For the reasons set forth below, Defendant's motion to dismiss is **granted** and the Complaint is dismissed without prejudice.

**I.      BACKGROUND**

The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendant's motion. The Court also takes judicial notice of the filings in the related foreclosure action in Connecticut Superior Court. *See Smith v. Bendett & McHugh, P.C.*, No. 3:22-CV-239 (JAM), 2023 WL 372784, at *1 (D. Conn. Jan. 23, 2023).

In May 2003, pursuant to a promissory note, Plaintiff took out a loan in the amount of $464,000 from Defendant's predecessor, World Savings Bank FSB. (FAC, ECF No. 22 ¶¶ 5–

6.) Plaintiff secured the promissory note through a mortgage that encumbered a property in Westport, Connecticut. (*Id.* ¶¶ 5, 38.) The mortgage loan was a "Pick–a–Payment" loan, which allowed borrowers to choose their payments. (*Id.* ¶ 7.) Borrowers could pay less than the interest due on a mortgage, but the unpaid interest was added to the principal balance, leading to an increase in the overall amount owed. (*Id.* ¶ 38.) Defendant knowingly made false and misleading claims about the loan's terms. (*Id.* ¶¶ 21, 48.)

In 2006, World Saving Bank was acquired by Wachovia. (*Id.* ¶ 27.) Wachovia then merged with Defendant. (*Id.*) In 2010, Defendant agreed to a stipulation where it could only collect interest on mortgages related to World Savings Bank and had to make loan modifications. (*Id.* ¶ 41.) Plaintiff applied for a mortgage modification. (*Id.* ¶ 42.) Defendant mishandled Plaintiff's application, which delayed the process. (*Id.*) Starting in 2016, Defendant claimed Plaintiff owed $467,482.65 and continued to add interest on the principal amount. (*Id.* ¶¶ 45, 48.)

Plaintiff faced foreclosure proceedings. (*Id.* ¶ 8.) In August 2016, Defendant initiated a foreclosure action in the Superior Court for the Judicial District of Bridgeport. See *Wells Fargo Bank v. Kerames*, No. FBT-CV16-6058950-S (Conn. Super. Ct.). Plaintiff's attorney colluded and conspired with Defendant during the action. (FAC, ECF No. 22 ¶¶ 8, 10, 14.) On May 29, 2018, the Superior Court entered Judgment of Foreclosure by Sale. *Wells Fargo Bank v. Kerames*, No. FBT-CV16-6058950-S (Conn. Super. Ct.), Entry 136.10. As a result of the foreclosure proceedings, Plaintiff lost his property and suffered financial damages. (FAC, ECF No. 22 ¶ 11.)

## II.     LEGAL STANDARD FOR MOTIONS TO DISMISS

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Loc. 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court must also consider "matters of which a court may take judicial notice." *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021). "[T]he court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief." *Leonard v. Gen. Motors L.L.C.*, 504 F. Supp. 3d 73, 83 (D. Conn. 2020).

Documents filed *pro se* must be liberally construed and interpreted "to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by

3

mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (internal citation and quotation marks omitted).

Moreover, there is a heightened pleading standard where a plaintiff pleads fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

### III.   DISCUSSION

#### A.   Plaintiff Does Not Plead The Circumstances With Particularity

The Second Circuit has held that, in order to plead fraud with particularity, "'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent[.]'" *MacNaughton v. Young Living Essential Oils, LC*, 67 F.4th 89, 99 (2d Cir. 2023) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). Although a court must construe a complaint filed *pro se* liberally, that complaint must still comply with the heightened particularity standard where there are fraud claims. *See Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1477 (2d Cir. 1995).

Even under a liberal construction of the allegations in the Complaint, Plaintiff falls short of the requirement to plead fraud with particularity. To begin with, the Complaint is replete with conclusory allegations that do not specify what fraudulent statements Defendant allegedly made. (*See* FAC, ECF No. 22 ¶ 2 ("This action alleges that Wells Fargo, also known as Wells Fargo Bank NA, made false and fraudulent claims regarding mortgages from 2003 to

4

World Savings Bank FSB, also known as World Savings, related to a predatory loan scheme called pick-a-pay."); *id.* ¶¶ 17, 21 ("The plaintiff, Harry Kerames, was unaware of the nature of his loan and that Wells Fargo made false and misleading claims about the loan's terms."); *id.* ¶ 48 ("The Plaintiff alleges that Wells Fargo's conduct constitutes fraud on the court because it knowingly and intentionally made false and fraudulent claims, disregarding the stipulation it agreed to in 2010 and continuing to add interest on the principal amount.") *id.* at 9 ¶ 28 ("Wells Fargo knowingly and intentionally made false and fraudulent claims.").) Plaintiff comes closest in paragraph 28, alleging that Wells Fargo misrepresented the amount due on the loan: "Starting in 2016, Wells Fargo claimed $467,482.65, including the principal, which was contrary to the stipulation." (*Id.* at 5 ¶ 28.) Nowhere in the Complaint, however, does Plaintiff "identify the speaker" of the allegedly fraudulent claims or "state where and when the claims were made[,]" as required to plead with particularity the circumstances constituting fraud. *MacNaughton*, 67 F.4th at 99.

### B.     Plaintiff Fails To State A Claim For Fraud

Additionally, even if Plaintiff pleaded the circumstances regarding fraud with particularity, Plaintiff has failed to state a claim.

First, Plaintiff fails to plead essential elements of a cause of action in fraud. "To state a claim for fraud under Connecticut law, a plaintiff must allege '(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the party to act upon it; and (4) the other party did so act upon that false representation to his injury.'" *Bell v. Univ. of Hartford*, 577 F. Supp. 3d 6, 25 (D. Conn. 2021) (quoting *Simms v. Seaman*, 69 A.3d 880, 894 (Conn. 2013)); *see also Ensign Yachts, Inc. v. Arrigoni*, 567 F. App'x 32, 33 (2d Cir. 2014). The allegedly fraudulent statement at

5

issue is that "Wells Fargo claimed $467,482.65" was due on a loan. (FAC, ECF No. 22 ¶ 28.) There are no allegations in the Complaint regarding how this statement, or any other statement, was "was made to induce" Plaintiff to act upon it, or that Plaintiff "did so act upon that false representation to his injury." *Bell*, 577 F. Supp. 3d at 25.

Second, Plaintiff's claim is time-barred. In Connecticut, "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." C.G.S. § 52-577. Fraud claims are therefore subject to a three-year statute of limitations. *Bailey v. Interbay Funding, LLC,* No. 21-146, 2022 WL 852851, at *2 (2d Cir. Mar. 23, 2022); *see also Kidder v. Read*, 93 A.3d 599, 604 (Conn. App. Ct. 2014) (finding that Conn. Gen. Stat. § 52-577 applies to fraud claims). "[T]he applicable period for the statute of limitations begins on the date of the act or omission complained of, not the date when the plaintiff first discovers an injury." *Bailey v. Interbay Funding, LLC*, No. 3:17-CV-1457 (JCH), 2018 WL 1660553, at *4 (D. Conn. Apr. 4, 2018).

Here, because Plaintiff sued on October 2022 (ECF No. 1), he can only recover for fraudulent acts occurring on or after October 2019. Plaintiff appears to allege that Defendant made fraudulent statements during the related foreclosure action in Connecticut Superior Court. (*See, e.g.*, FAC, ECF No. 22 at 9 ¶ 28 ("Wells Fargo's conduct constitutes fraud on the court under Rule 60(d)(3) of the Federal Rules of Civil Procedure because it was pervasive and egregious, and undermined the integrity of the entire judicial proceeding."). However, on May 29, 2018, the Superior Court entered Judgment of Foreclosure by Sale. *Wells Fargo Bank v. Kerames*, No. FBT-CV16-6058950-S (Conn. Super. Ct.), Entry 136.10. Statements made during the pendency of the related foreclosure action would have occurred before judgment was entered and therefore, as alleged, they fall outside of the three-year statute of limitations.

Plaintiff does not allege facts to establish that equitable tolling of the limitations period is applicable here. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (holding that equitable tolling is applied only when there are extraordinary circumstances preventing a party from timely performing a required act and when there is reasonable diligence). Plaintiff's fraud claim is therefore barred by the three-year statute of limitations.

IV.   **CONCLUSION**

For the reasons stated above, because Plaintiff's amended complaint fails to state a claim, Defendant's motion to dismiss is **granted**. In light of Plaintiff proceeding *pro se*, the Court will provide one further opportunity to plead a plausible claim. Plaintiff must file the Second Amended Complaint by **February 16, 2024**. Failing to comply with this deadline will result in dismissal of the case.

**SO ORDERED.**

Hartford, Connecticut
January 17, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge